**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| JACOB NEUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-931 |
| | ) | |
| SWIFTFUNDS FINANCIAL | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, JACOB NEUMAN ("Plaintiff"), through his attorney, Sharon D. Cousineau, alleges the following against Defendant, SWIFTFUNDS FINANCIAL SERVICES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692k

PLAINTIFF'S COMPLAINT

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the City of Seattle, King County, State of Washington.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a California limited liability company and collection agency based in the City of Rolling Hills Estates, Los Angeles County, State of California.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

PLAINTIFF'S COMPLAINT

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from a gym membership with SLIK Renton LLC d/b/a 9Round.

16. Plaintiff does not owe the alleged debt.

17. The alleged debt at issue arises from transactions for personal, family, and household purposes.

18. In or around late-March/early-April 2020, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone at 503-929-5942 in an attempt to collect the alleged debt.

19. On or about April 1, 2020, Plaintiff first answered one of Defendant's collection calls and spoke to one of Defendant's male collectors.

20. During the above-referenced collection call:

    a.  Defendant's collector attempted to collect the alleged debt from Plaintiff;

    b.  Plaintiff disputed owing the alleged debt and refused to pay the alleged debt;

    c.  Defendant's collector still demanded payment from Plaintiff; and

    d.  Defendant's collector threatened Plaintiff that Defendant would ruin Plaintiff's credit for 7 years if Plaintiff did not pay the alleged debt.

21. Defendant calls Plaintiff from 619-365-4150, which is one of Defendant's telephone numbers.

22. Despite Plaintiff disputing owing the alleged debt, and refusing to pay the alleged debt, Defendant's collectors continued to call Plaintiff unabated.

PLAINTIFF'S COMPLAINT

3

23. Defendant also leaves voicemail messages for Plaintiff.

24. With regard to the above-referenced voicemail messages:

    a.   Defendant's collector failed to disclose that he was calling from Swiftfunds Financial Services, LLC;

    b.   Defendant's collector failed to disclose that he was a debt collector and attempting to collect a debt from Plaintiff; and

    c.   Defendant's collector left the callback number of 310-499-0486, which is one of Defendant's telephone numbers.

25. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

26. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

    a.   Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant engaged in all of the harassing misconduct alleged above;

    b.   Defendant further violated § 1692d of the FDCPA when Defendant continued to call Plaintiff after Plaintiff disputed owing the alleged debt and refused to pay the alleged debt;

PLAINTIFF'S COMPLAINT

4

c.   Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff after Plaintiff disputed owing the alleged debt and refused to pay the alleged debt;

d.   Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's voicemail messages to Plaintiff failed to disclose that the calls were from Swiftfunds Financial Services, LLC;

e.   Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's voicemail messages to Plaintiff failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

f.   Defendant violated § 1692e(2)(A) of the FDCPA when Defendant attempted to collect a debt that Plaintiff does not owe;

g.   Defendant further violated § 1692e of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted to violate the debt collection laws with impunity when it engaged in coercive tactics in its attempt to collect the alleged debt—especially when Plaintiff does not owe the alleged debt

h.   Defendant violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is

PLAINTIFF'S COMPLAINT

5

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

disputed;

i. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's voicemail messages to Plaintiff failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

j. Defendant further violated § 1692e(10) of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted to violate the debt collection laws with impunity when it engaged in coercive tactics in its attempt to collect the alleged debt;

k. Defendant violated § 1692e(11) of the FDCPA when Defendant's voicemail messages to Plaintiff failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

l. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant's collector ignored Plaintiff's oral dispute of the alleged debt and continued to press Plaintiff for payment and threatened to ruin Plaintiff's credit;

m. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector ignored Plaintiff's oral dispute of the alleged debt and continued to press Plaintiff for payment and threatened to ruin Plaintiff's credit;

PLAINTIFF'S COMPLAINT

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

n.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JACOB NEUMAN, respectfully requests judgment be entered against Defendant, SWIFTFUNDS FINANCIAL SERVICES, LLC, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

DATED:  June 17, 2020                          RESPECTFULLY SUBMITTED,

By:  /s/Sharon D. Cousineau
     Sharon D. Cousineau
     SAMWEL COUSINEAU, PC
     700 West Evergreen Blvd.
     Vancouver, WA 98660
     Tel. 360-750-3789
     Fax 360-750-3788
     sdcousineau@gmail.com