UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB NEUMAN,<br><br>                Plaintiff,<br><br>   v.<br><br>SWIFTFUNDS FINANCIAL SERVICES, LLC,<br><br>                Defendant. | NO. C20-931-RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REFERRING BILL OF COSTS |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Jacob Neuman's Motion for Default Judgment against Swiftfunds Financial Services, LLC ("Swiftfunds"). Dkt. #8. Having reviewed the relevant briefing and the remainder of the record and for the reasons discussed below, Plaintiff's Motion is granted in part.

## II.    BACKGROUND

Plaintiff is a Washington state resident. Dkt. #1 at ¶ 5. Defendant Swiftfunds is a debt collector located in California. *Id.* at ¶¶ 8-10. Starting in or around late March or early April 2020, Swiftfunds began calling Plaintiff's cellphone in an attempt to collect on an alleged debt

1 arising from a gym membership with SLIK Renton LLC, d/b/a/ 9Round. *Id.* at ¶ 15. Plaintiff claims he does not owe the alleged debt. *Id.* at ¶ 16. Plaintiff first answered one of the collection calls on April 1, 2020, during which the collector demanded payment and threatened that Defendant would ruin Plaintiff's credit for seven years if he failed to pay the debt. *Id.* at ¶¶ 18-20. Plaintiff claims that despite disputing that he owes the alleged debt and refusing to pay, Defendant's collectors continued to call him and leave voicemail messages intended to cause Plaintiff mental distress. *Id.* at ¶¶ 22-27. In the voicemail messages, Defendant's collector allegedly failed to disclose that he was a debt collector calling from Swiftfunds attempting to collect a debt from Plaintiff. *Id.*

Plaintiff brought this action against Defendant Swiftfunds on June 17, 2020. Dkt. #1. Defendant was served via process server on June 25, 2020, Dkt. #3, and failed to plead or otherwise defend this action. On August 5, 2020, the Clerk of Court granted Plaintiff's motion for entry of default. Dkt. #5. On September 14, 2020, Plaintiff filed the instant motion for default judgment. Dkt. #8.

### III. DISCUSSION

**A. Legal Standard**

Based on this Court's Order of Default and pursuant to Rule 55(a), the Court has the authority to enter a default judgment. Fed. R. Civ. P. 55(b). However, prior to entering default judgment, the Court must determine whether the well-pleaded allegations of a plaintiff's complaint establish a defendant's liability. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In making this determination, courts must accept the well-pleaded allegations of a complaint, except those related to damage amounts, as established fact. *Televideo Sys., Inc. v.*

*Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). If those facts establish liability, the court may, but has no obligation to, enter a default judgment against a defendant. *Alan Neuman Prods. Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Clearly, the decision to enter a default judgment is discretionary."). Plaintiffs must provide the court with evidence to establish the propriety of a particular sum of damages sought. *Televideo*, 826 F.2d at 917–18.

### B. Liability Determination

The allegations in Plaintiff's complaint establish Defendant's liability under Sections 1692d, 1692e, and 1692f of the FDCPA. Section 1692d of the FDCPA prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In addition to this general ban on harassing or abusive conduct, § 1692d provides a non-exclusive list of six prohibited acts including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number[,]" *id.* at § 1692d(5), and "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* at § 1692d(6). "The Ninth Circuit has not yet addressed what is required to satisfy the 'meaningful disclosure' element of § 1692d(6), however district courts in the Circuit increasingly agree that meaningful disclosure requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call." *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1104 (W.D. Wash. 2012) (internal citations and quotations omitted).

Here, Plaintiff alleges that a Swiftfunds collector repeatedly called and left voicemails for Plaintiff demanding payment without disclosing the caller's name or capacity, with the

intent to create a hostile situation and/or cause Plaintiff mental distress with threats of ruining his credit score. Dkt. #1 at ¶¶ 22-28. Swiftfunds' calls and voicemails are both communications subject to the FDCPA. *Taylor v. Asset, Consulting Experts, LLC*, No. 2:18-CV-236-RSL, 2019 WL 2248102, at *2 (W.D. Wash. May 24, 2019). Accordingly, Plaintiff's claims regarding the calls and voicemails from Defendant's collector satisfy the elements of Section 1692d.

To establish a violation under Section 1692e, Plaintiff must demonstrate that the debt collector used false, deceptive, or misleading representation or means in connection with the collection of a debt. 15 U.S.C. § 1692e. Under 15 U.S.C. § 1692e, Plaintiff may show that: (1) Defendant made a false representation of the character, amount, or legal status of a debt; (2) Defendant threatened to take action that cannot legally be taken or that is not intended to be taken; or, (3) Defendant used a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Furthermore, under 15 U.S.C. § 1692f, Plaintiff may show that Defendant used unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. Again, Plaintiff's claims that Defendant's collector repeatedly called and left voicemails on Plaintiff's cellphone without meaningfully disclosing the caller's identity, in an effort to collect on a debt that Plaintiff allegedly did not owe, which included threats to ruin Plaintiff's credit, satisfy the elements of Sections 1692e and 1692f.

Because Defendant did not respond to Plaintiff's complaint, the Court must accept the allegations in Plaintiff's complaint as true. *See* Fed. R. Civ. P. 8(b)(6). Accordingly, the Court finds that Plaintiff has established Defendant's liability under the FDCPA.

**C. Default Judgment is Warranted**

The Court must next determine whether to exercise its discretion to enter a default judgment. Courts consider the following factors in making this determination:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471 –72. The majority of these factors weigh in favor of granting default judgment against Swiftfunds. Plaintiff may be prejudiced without entry of default judgment as he will be left without a legal remedy. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F.Supp.2d 916, 920 (C.D. Cal. 2010). Plaintiff's complaint is also sufficient and Defendant did not present any evidence or argument to the contrary. Additionally, the Court finds there is a low probability that Defendant's default was due to excusable neglect; Defendant was given ample opportunity to respond to the filings in this matter between the time it was served with Plaintiff's complaint and when Plaintiff filed his motion for default judgment. Finally, although there is a strong policy favoring decisions on the merits, the Court may consider Defendant's failure to respond to Plaintiff's complaint and subsequent motions as an admission that Plaintiff's motions have merit. *See* Local Civil Rule 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). The amount at stake appears to be a more neutral consideration. Plaintiff seeks the maximum statutory damages in the amount of $1,000, attorney's fees of

1  $3,477.50, and costs of $532.00.  Dkt. #8.  However, on balance, the *Eitel* factors weigh in
2  favor of granting default judgment against Defendant.

3  **D. Appropriate Relief**

4  The Court next considers what relief to grant Plaintiff.  Plaintiff seeks (1) statutory
5  damages; and (2) attorneys' fees and costs, which the Court will address in turn.

6      i.    <u>Statutory Damages</u>

7  First, Plaintiff seeks statutory damages in the amount of $1,000.  Dkt. #8.  When
8  liability is found under the FDCPA, the Court may award statutory damages in an amount not
9  exceeding $1,000.00.  15 U.S.C. § 1692k(a)(2)(A).  Having considered Plaintiff's allegations
10 and the applicable law, the Court finds a $1,000 award merited given the nature of the conduct
11 and the interests of deterrence.

12     ii.    <u>Attorneys' Fees and Costs</u>

13 Finally, Plaintiff asks the Court to award $3,477.50 in attorneys' fees and $532.00 in
14 costs.  Dkt. #8 at 6.  He is entitled to recover them under the FDCPA.  15 U.S.C. § 1692k(a)(3).
15 Having determined that an award of fees and costs is warranted, the Court will now address
16 the reasonableness of the requested amounts.

17 In the Ninth Circuit, the determination of a reasonable hourly rate "is not made by
18 reference to rates actually charged the prevailing party." *Chalmers v. City of Los Angeles*, 796
19 F.2d 1205 (9th Cir. 1986).  Instead, the reasonable hourly rate is determined with reference to
20 the prevailing rates charged by attorneys of comparable skill and experience in the relevant
21 community.  *See Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).
22 "Generally, when determining a reasonable hourly rate, the relevant community is the forum

1  in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Courts may also consider "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney" as "satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Here, the Court finds the rates of $344.50 and $119.00, requested for attorney James Parr and paralegal Jacqueline Laino, respectively, reasonable in light of the average hourly rates charged in the Seattle-Tacoma market. *See* Dkt. #8-2.

Turning to the reasonableness of hours requested, the party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court also excludes hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434, 103 S.Ct. 1933. Further, the Ninth Circuit has held that it is reasonable for a district court to conclude that the party seeking attorneys' fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Here, the Court finds the number of hours reasonable and supported by counsel's billing summary. *See* Dkt. #8-4 at 4-5.

Finally, regarding Plaintiff's requests for $532.00 in costs, motions for costs are properly considered by the Clerk of Court. *See* LCR 54(d)(3) ("Motions for costs shall be considered by the clerk. All motions for costs will be decided by the clerk on the written filings and without oral argument unless the clerk specifically directs the parties to appear for a

1  hearing."). Accordingly, the Court construes Plaintiff's request for costs, *see* Dkt. #8-1 at 6, Dkt. #8-5, as a Motion for Costs and REFERS Plaintiff's motion to the Clerk of Court.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court GRANTS IN PART Plaintiff's Motion for Default, Dkt. #8, and ORDERS as follows:

(1) Plaintiff Jacob Neuman's Motion for Default Judgment, Dkt. #8 is GRANTED. Judgment against Defendant Swiftfunds Financial Services, LLC, for violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, is entered in the amount of $4,477.50, which includes $1,000.00 in statutory damages and $3,477.50 in attorneys' fees;

(2) Plaintiff's Motion for Costs in the amount of $532.00, Dkt. #8-1 at 6 and Dkt. #8-5, is hereby REFERRED to the Clerk of Court pursuant to Fed. R. Civ. P. 54(d) and LCR 54(d);

(3) Post-judgment interest shall accrue at the highest allowable interest rate per annum from date of entry of default judgment, until paid.

DATED this 30th day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE